```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

BEKIM FRROKAJ, et al.,         )
                               )
          Plaintiffs,          )
                               )
     v.                        )    No.  13 C 4376
                               )
CHT CORP., etc., et al.,       )
                               )
          Defendants.          )
```

                         MEMORANDUM ORDER

     Bekim and Ilir Frrokaj (collectively "Frrokajs") have filed an Amended Complaint ("AC") against CHT Corp. d/b/a Charlie Trotter's ("Charlie Trotter's") and Charles Trotter individually, invoking federal subject matter jurisdiction in diversity-of-citizenship terms. That AC is the first pleading by Frrokajs that has been delivered to this Court in accordance with LR 5.2(f), and this memorandum order hastens to address a jurisdictional problem presented by the pleading.

     Although AC ¶4 properly identifies the dual corporate citizenship of Charlie Trotter's in accordance with 28 U.S.C. §1332(c)(1). But even though a party's citizenship is by definition the relevant jurisdictional fact for diversity purposes, what is referred to instead in AC ¶¶2, 3 and 5 is where the three individual parties "reside"--a fact that most often but not always coincides with that person's state of citizenship. On that score Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004) has repeated the directive set out in other Seventh Circuit

opinions that "when the parties allege residence but not citizenship, the district court must dismiss the suit."

Despite that mandate, this Court has always been loath to enter such a Draconian order that would necessitate the payment of a second filing fee to cure a likely technical defect. Accordingly it will not take action on the matter until Frrokajs' counsel files an appropriate amendment to the AC (<u>not</u> a self-contained Second Amended Complaint) on or before July 8, 2013.[1] But counsel should understand that no charge is to be made to Frrokajs for the time and expense involved in correcting counsel's errors. Frrokajs' counsel are further directed to send a letter to their clients informing them to that effect, with a copy to be mailed to this Court's chambers (purely for information, not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 20, 2013

---

[1] If no such amendment is timely filed, of course, this Court will implement the <u>Adams</u> directive.

2