IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
BEKIM FRROKAJ, et al.,          )
                                )
          Plaintiffs,           )
                                )
     v.                         )    No. 13 C 4376
                                )
CHT CORP., etc., et al.,        )
                                )
          Defendants.           )
```

MEMORANDUM OPINION AND ORDER

CHT Corp. d/b/a Charlie Trotter's ("Charlie Trotter's") and Charles Trotter have filed their Answer, Affirmative Defenses ("ADs") and Counterclaim in response to the First Amended Complaint ("FAC") brought against them by Bekim and Ilir Frrokaj (collectively "Frrokajs"). Because Frrokajs have filed motions targeting various of the asserted ADs as well as the Counterclaim (subjects that will be addressed when those motions are noticed up for presentment), this sua sponte opinion will be limited to the several problematic aspects of the Answer alone.

To begin with, Answer ¶¶2, 3 and 12 through 16 exhibit several of the all-too-frequent distortions of the disclaimer provisions of Fed. R. Civ. P. ("Rule") 8(b)(5). Despite the clear roadmap marked out by that Rule as a predicate for disclaiming compliance with the requirement of Rule 8(b)(1)(B), defense counsel has chosen to follow an impermissible detour of his own--and he compounds that error by a meaningless demand for "strict proof," whatever that may mean. In both those respects,

see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

As if that were not enough, defense counsel follows his "insufficient information to admit or deny" locution by stating "and therefore they deny the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to admit or deny the truth of an allegation then proceed to <u>deny</u> it without directly violating Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

Next, the Answer is chock-full of this different type of disclaimer (Answer ¶¶6-8, 20, 21, 31, 32, 40, 41, 49-52, 55, 56, 58 and 61-65):

> This paragraph contains legal conclusions, for which a response from Defendants is not required.

Not so--see App'x ¶2 to <u>State Farm</u>. But because that error is self-contained, it need not be cured by a repleading--instead the sentence is ordered stricken wherever it occurs in the Answer.

Finally, Answer ¶¶45 and 57 assert that FAC Ex. 2 "speaks for itself." That inappropriate failure to answer an FAC allegation directly (see App'x ¶3 to <u>State Farm</u>) also requires correction.

## <u>Conclusion</u>

Because of the length of the FAC and the corresponding length of the Answer, this Court will not require defense counsel

to prepare and submit a self-contained Amended Answer.  Instead counsel is ordered to file an amendment to the Answer on or before September 9, 2013, limited to a do-over of Answer ¶¶2, 3, 12-16, 45 and 57.  No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors identified in this opinion.  Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

Milton I. Shadur
Senior United States District Judge

Date:  August 29, 2013