# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BEKIN FRROKAJ** and **ILIR FRROKAJ**, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 13 C 4376 |
| | ) |
| **CHT CORPORATION** d/b/a **CHARLIE TROTTER'S**, **ESTATE OF CHARLES H. TROTTER**, and **RYAN STETINS**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Bekin and Ilir Frrokaj (collectively "Frrokajs") have invoked the diversity of citizenship branch of federal subject matter jurisdiction to sue CHT Corporation d/b/a Charlie Trotter's ("CHT") and Charlie Trotter individually (now supplanted by the Estate of Charles H. Trotter ("Estate") as the result of the untimely death of the renowned chef and restaurateur) for Frrokajs' allegedly having been bilked by their purchase of a $46,000 bottle of wine. According to Frrokajs the purchase transaction was tainted by fraud -- they were gulled by the false and fraudulent misrepresentation of the wine's provenance, so that the investigation that resulted when they sought insurance coverage assertedly revealed that the bottle was a counterfeit.

As is evident from the purchase price, Frrokajs' ticket to the federal courthouse is dependent on their ability to recover nearly $30,000 more than the price tag that had been the product of an individualized face-to-face negotiation. To that end Frrokajs' Third Amended Complaint ("TAC") adverts (1) to Trotter's extraordinary reputation, abetted by that of sommelier Ryan Stetins, and (2) to the fraud charged by Frrokajs as being enhanced by their special qualifications (especially that of Trotter himself) in the area of fine wines:

> Mr. Trotter and Charlie Trotter's operated "one of the finest restaurants in the world." Mr. Trotter was the head chef and owner of Charlie Trotter's. Mr. Trotter has been given numerous awards, including a yearly "Grand Award" from Wine Spectator from 1993 to the present. Defendants have significant experience and expertise in selecting and selling some of the finest wines in the world.
> Mr. Stetins has been inducted as a member of the Court of Master Somerliers.

Then TAC ¶ 12 quotes at length from the website (too lengthy to call for its repetition here) where Trotter, his corporation and Stetins touted expansively the wines that CHT offered before its announced closing of the prestigious restaurant.

Although this action has been pending for more than 10 months on the unchallenged premise that the facts alleged support a potential punitive damages award of more than $30,000 (thus pushing the amount in controversy past the required over-$75,000 floor), new counsel have just entered the fray as attorneys for the Estate and have concurrently filed a motion to dismiss Frrokajs' action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction -- more particularly their claimed inability to reach the more-than-$75,000 floor for the required amount in controversy for diversity purposes. On that score there is no question that Frrokajs' choice of a federal forum poses a major risk: If it turns out at any point -- even post-judgment -- that there was no real prospect of a more-than-$75,000 recovery, the entire federal proceedings would have gone for naught and Frrokajs would have to seek relief anew in a state court of general jurisdiction.

But because Frrokajs and their counsel have indeed chosen a federal forum, they are certainly not to be numbered among the risk-averse. This Court must therefore deal with the CHT-Estate motion on its merits (or lack of merit).

In that regard new counsel's supporting memorandum begins with a red herring, the federal Magnuson-Moss Warranty Act. Never mind that Frrokajs' counsel placed the TAC's two

Magnuson-Moss counts at the very end (Counts IV and V) rather than the beginning of the TAC, with three state-law-based claims being advanced ahead of them.  Apparently defense counsel regards Magnuson-Moss as an easy mark because the damages under that statute are limited to $50,000 exclusive of interest and costs.  In doing so, defense counsel seem not to have recognized that such an approach, rather than meeting the real issues head-on at the outset, may suggest weakness rather than strength.

To turn instead to the real issue -- whether the fraud portrayed in the TAC could support a jury award that would bring the total recovery to something less than twice the fraudulently inflated purchase price of a bottle of wine -- that clearly poses an issue for determination by a factfinder, not by a lawyer mouthing conventional platitudes.  Indeed, even in that respect, here is one of those platitudes taken from the caselaw and set out at defense counsel's mem. 4-5:

> Plaintiffs must establish not only "simple fraud," but gross fraud, breach of trust, or other exceptional circumstances clearly showing malice or willfulness.

Here the vaunted reputation built by Trotter, which provided powerful support for the strong sales pitch in the extensive website quoted in the TAC, could clearly be viewed by a factfinding jury as making any fraudulent misrepresentations particularly egregious.  Although this Court does not intend to cast any unwarranted aspersions on the prestigious Charlie Trotter, it must always be remembered that "con" in "con man" is short for "confidence," so that the more confidence that someone has instilled makes it more likely that any betrayal of that confidence can carry with it an enhanced award of damages.

In short, the new defense counsel cannot make themselves the arbiter of a potential punitive damages award.  Although this Court does not minimize the level of risk referred to

earlier in this opinion, neither CHT nor the Estate can cut the Frrokajs off at this papers-only stage of the litigation. Their Rule 12(b)(1) motion must be and is denied, at least for now.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 22, 2014